**Arthur Lee WILLIAMS, Jr., Petitioner—Appellant,**

v.

**G.J. GIURBINO, Warden, Respondent— Appellee.**

No. 05–55615.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Oct. 16, 2006.

Filed Nov. 6, 2006.

Karyn H. Bucur, Attorney At Law, Laguna Hills, CA, Arthur Lee Williams, Jr., Centinela State Prison Facility C Yard, Imperial, CA, for Petitioner–Appellant.

Lilia E. Garcia, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

MEMORANDUM.*

Williams was convicted of first degree murder for killing Ann Glade and of killing her dog. Glade was found dead in a hot tub with her hands bound and with her dead dog with its front and hind legs bound. Williams contended that he and Glade had fallen into the hot tub after a scuffle and that her death was an accident.

The issue certified for appeal was whether the trial judge erred in excluding evidence of Glade's mental health and desire to commit suicide. Williams contends that the exclusion violated his due process rights because it deprived him of a meaningful opportunity to present a complete defense. *See Crane v. Kentucky*, 476 U.S. 683, 690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). The trial judge excluded the evidence on the basis that it was irrelevant to Williams' defense that Glade's death was accidental. Williams contends it was relevant because Glade had asked him in the event of her death to make it look like she was attacked, and not to allow anyone else to have her dog. Thus, Williams contends that in binding her and the dog he was fulfilling her wishes, and that her suicidal

tendencies were relevant to his explanation of why the bodies of Glade and the dog were both found tied up if Glade's death was supposedly an accident. Williams was allowed to testify as to Glade's wishes, but not allowed to present evidence of her suicidal tendencies.

The California Court of Appeal held that the suicide information was relevant and should have been admitted, but that the error was harmless. The district court denied Williams' petition for writ of habeas corpus. Applying the standard for habeas review under the Anti–Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), the district court held that the state adjudication did not result in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* The additional evidence of suicide tendencies would have only added marginally to Williams' accident defense. The California Court of Appeal also found that the major inconsistencies in his testimony bore adversely on Wlliams' credibility. The probative value of the excluded evidence was slight as it did not bear directly on his defense. The error did not have "a substantial and injurious effect or influence in determining the jury's verdict" in order to merit habeas relief, as required by *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.